PIERCE, Judge.
Appellant City of Port Richey appeals from a final judgment for appellee Vernon G. Adamek, plaintiff below, entered by the Circuit Court for Pasco County, following a non-jury trial.
The basic question presented for our determination in this appeal is whether the lower Court erred in finding and declaring plaintiff’s proposed dock to be not in violation of City of Port Richey Ordinance No. 135.
Adamek filed his complaint for declaratory decree requesting the Court to determine the boundary of his waterfront lot and to require the City to issue a building permit to construct a dock extending into the waters of a navigable river. Attached to the complaint was a plat of Harbor Isles Subdivision which showed that his property line extended approximately forty-one feet into the waters of the river from the shore line. This plat was approved by the City of Port Richey on August 3, 1964, without any exceptions as to ownership of canals. Also attached to the complaint was a copy of City Ordinance No. 135 which provides in Section 2(a) : “Boat docks and piers may not extend more than twenty (20) feet into the waterway from the property line * * Adamek also attached to his complaint a copy of Ordinance No. 104 which provides in Section 3F: “All canals will be owned by the upland owners to the center line, except if excepted to by the City.”
The City filed its answer asserting that the dock would be in violation of City Ordinance No. 135 in that the dock would extend more than the permitted twenty feet into the waters from Adamek’s property line. Pursuant to order, Adamek joined the Trustees of the Internal Improvement Fund as indispensable parties. By their amended answer the Trustees denied having any interest in the controversy or in the lands involved, more particularly “that part of the plaintiff’s land lying between the present shoreline which is bounded by a concrete seawall and the plaintiff’s property line as shown on Plat of Harbor Isles * * * the same being designated thereon as the ‘subdivision boundary,’ an area extending approximately 41 feet into the water from the said concrete seawall.”
After an interlocutory appeal to this Court by Adamek (reported in 214 So.2d at page 374) from an order denying his motion for summary judgment, Adamek filed a second amendment to his complaint alleging that he was entitled to the issuance of a temporary building permit. The case came on for trial and at the conclusion of Adamek’s evidence the City moved for a directed verdict on the ground that Ada-mek had failed to show any definite evidence as to where the old shoreline was. The lower Court denied this motion. The City produced no evidence and the Court entered a final judgment, declaring that the plaintiff’s property line was the same as the subdivision boundary line as shown *430 on the plat of Harbor Isles and that the shore line as indicated on said plat was not the plaintiff’s property line. The Court found that the area between the shore line and the subdivision boundary line as indicated on said plat was covered by shallow, non-navigable water prior to the dredge and fill operation which produced the present shore line conditions, and that the plaintiff’s proposed dock would not extend into the waterway such a distance from the property line as to impede the natural flow of the waterway, or encroach upon the channel, or unduly restrict the use of the waterway by adjoining property owners. The plaintiff’s proposed dock was declared to be not in violation of the City of Port Richey Ordinance 135. The Court ordered the City to issue plaintiff a temporary building permit to complete his proposed dock.
The record shows that Adamek had obtained a temporary permit to construct a dock which would extend less than twenty feet from his property line into the waters of the Pithlachascotee River. After the construction was partially completed, the temporary permit was cancelled by the City and Adamek was notified by the City that his dock was in violation of Ordinance No. 135.
Adamek’s predecessor in title dug a canal between the existing shore line, or seawall, and a sand bar or island, causing the shore line to move back on Adamek’s land in an easterly direction to the present shore line or seawall. Adamek could not establish exactly where the old shore line was prior to the dredge and fill operation, but one witness testified that when he built the seawall for Adamek he dug up a palm tree stump about eight or ten feet westward from the seawall. Another witness testified that the shore line extended farther than it does now and that there were some trees in the general area, but he did not remember how much farther the shore line projected at that particular area. Prior to the dredging the water was from six inches deep to zero at low tide between the shore line and the island, or sand bar. The sand bar was some 137 feet from Adamek’s seawall and between his property and the channel of the river.
The proposed dock would extend about fifty-seven feet from Adamek’s present shore line, or approximately sixteen feet beyond his property line. There is approximately eighty feet of deep water beyond the end of the proposed dock to the sand bar. The proposed dock would be approximately a quarter of a mile from the channel of the river. All the witnesses testified that the dock would not interfere with the use of the waterway or encroach upon the channel of the river.
The City contends that the trial Court erred in finding that Adamek’s “property line” was the offshore “subdivision boundary line” rather than the “shore line” indicated on the plat of Harbor Isles, and relies on Apalachicola Land & Dev. Co. v. McRae, 1923, 86 Fla. 393, 98 So. 505, text 517, for the proposition that:
“It is settled law in this state that private ownership of lands bordering on navigable waters extends only to high-water mark. If * * * private ownership is claimed in lands below the high-water mark, the source and authority for such claimed ownership should be made to appear by proper allegations and exhibits or by reference to matters of which judicial notice is taken.”
Adamek made a prima facie showing that he is the record fee simple owner of Lot 48 of Harbor Isles. The plat of Harbor Isles shows that the “subdivision boundary” line extends approximately forty-one feet from the shore line into the waters of the Pithlachascotee River. The State authority expressly denied having any interest or ownership in or to the submerged lands. Under these circumstances, we do not think the rule relied on by the City applies to the case sub judice, especially where the City produced no evidence to disprove Adamek’s ownership of the submerged lands and where the question of *431 ownership of the said lands was only ancillary to the real question presented, i. e., whether Adamek was in violation of a City ordinance.
Adamek advances further argument that he owns the submerged lands in question because City Ordinance No. 104 declared that “all canals will be owned by the upland owners to the center line, except if excepted to by the City.” He contends that the plat of Harbor Isles clearly shows the submerged lands in dispute to be labeled as a “canal,” and the boundary line of his lot is clearly shown to be the center of said canal. In view of our holding it is unnecessary to dispose of this question.
We hold that the trial Court was correct in declaring the proposed dock to be not in violation of City of Port Richey Ordinance No. 135.
Affirmed.
LILES, Acting C. J., and McNULTY, J., concur.